**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>       Plaintiff,<br>  v.<br><br>PANTECH WIRELESS, INC.,<br><br>       Defendant. | Civil Action No. 06-4583-NS |
| PANTECH WIRELESS, INC.,<br><br>       Counterclaim-Plaintiff,<br>  v.<br><br>U.S. PHILIPS CORPORATION,<br><br>       Counterclaim-Defendant. | |

**DEFENDANT PANTECH WIRELESS INC.'S ANSWER,
ADDITIONAL DEFENSES AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Pantech Wireless, Inc. ("Pantech"), by its attorneys Fish & Richardson P.C., hereby responds to the Complaint For Patent Infringement ("Complaint") of U.S. Philips Corp. ("Philips") as follows:

Pantech denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Pantech denies that Philips is entitled to the relief requested or any other relief.

1.      Pantech is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies them.

2.      Pantech admits that it is a California corporation having a principal place of business at 11240 Warland Drive, Cypress, CA 90630.

3.      Pantech admits that Philips' Complaint purports to state a claim for patent infringement, but denies that any bases exist for any such claims against Pantech. Pantech admits that this Court has subject matter jurisdiction over the action. Pantech denies the remaining allegations of paragraph 3 of the Complaint.

4.      Pantech is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 pertaining to doing business and therefore denies them. Pantech denies the remaining allegations of paragraph 4.

5.      Pantech admits that this judicial district is one in which venue is proper with respect to Pantech.    Pantech denies the remaining allegations of paragraph 5.

6.       Pantech admits that Philips Electronics brought a patent infringement action against Pantech Co. Ltd. and Pantech & Curitel Communications, Inc. for infringement of Korean Patent No. 118698. Pantech is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 and therefore denies them.

**COUNT I (PATENT INFRINGEMENT)**

7.      Pantech admits that the face of the '075 patent lists Philips as an assignee, that this patent is titled "Method and Apparatus for Bit Rate Reduction", and that the patent lists an issuance date of February 13, 1990. Pantech is without information or

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7, and therefore denies these allegations.

8. Pantech admits that the '075 patent states in the Abstract, "a method and apparatus for coding a signal for transmission in order to achieve improved reduction in the bit rate." Pantech admits there are one or more JPEG standard(s). Pantech admits that one standard "for compressing digital images" is published in ISO/IEC 10918-1 ITU-T Rec. T.81, entitled "Information technology – Digital compression and coding of continuous –tone still images: Requirements and guidelines" ("the JPEG Standard"). Pantech denies the remaining allegations of paragraph 8, including denying that the JPEG Standard is covered by one or more claims of the '075 patent.

9. Denied.

10. Denied.

11. Pantech admits that it first learned of the existence of the Philips '075 patent before the filing of this action. Pantech denies the remaining allegations of paragraph 11.

12. Pantech denies that it is now infringing or, ever has infringed, the '075 patent. Pantech admits that it first learned of the existence of the '075 patent before the filing of this action. Pantech denies the remaining allegations of paragraph 12.

13. Denied.

14. Denied.

15. Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Pantech denies that Philips is entitled to any relief whatsoever in this action, either as prayed for in its Complaint or otherwise.

## ADDITIONAL DEFENSES

### First Additional Defense

16. Philips' Complaint fails to state a claim upon which relief can be granted.

### Second Additional Defense

17. Pantech does not infringe and has not infringed any claim or claims of the '075 patent, either directly, contributorily, or by inducement.

### Third Additional Defense

18. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

### Fourth Additional Defense

19. The '075 patent is unenforceable against Pantech based on the doctrines of laches and the doctrine of estoppel, including the doctrines of equitable estoppel and prosecution history estoppel.

### Fifth Additional Defense

20. The '075 patent is unenforceable against Pantech under the doctrines of exhaustion, license and implied license.

### Sixth Additional Defense

21. The '075 patent is not and cannot be infringed by Pantech to the extent that certain accused products are the subject of a licensing agreement between Philips and Pantech's supplier, Qualcomm.

### Seventh Additional Defense

22. The '075 patent is unenforceable against Pantech as Phillips' suit breaches the implied covenant of good faith and fair dealing in patent licenses, and constitutes an unfair business practice.

### Eighth Additional Defense

23. On information and belief, Philips' claim for damages is limited by 35 U.S.C. §§ 286 and 287.

### Ninth Additional Defense

24. The '075 patent is unenforceable against Pantech based on Philips' failure to properly disclose the '075 patent and related patents and/or patent applications to the organizations and entities that created and adopted the JPEG Standard. In the alternative, Philips is required to offer a license on reasonable terms and conditions comparable to those offered by other companies that properly disclosed their patents.

Pantech reserves the right to assert any additional defenses to Philips' claims as they become known or apparent.

### COUNTERCLAIMS

Counterclaim Plaintiff Pantech asserts the following counterclaims against Counterclaim Defendant Philips:

**Parties**

25.     Counterclaim Plaintiff Pantech Wireless, Inc. ("Pantech") is a California corporation having its principal place of business at 11240 Warland Drive, Cypress, CA 90630.

26.     On information and belief, Counterclaim Defendant U.S. Philips Corporation ("Philips") is a Delaware corporation having its principal place of business at 1251 Avenue of the Americas, New York, New York 10020.

**Jurisdiction**

27.     These counterclaims arise under the Patent Laws of the United States, as enacted under Title 35 of the United States Code, and the provisions of the Federal Declaratory Judgment Act, as enacted under Title 28 of the United States Code.  The jurisdiction of this Court is proper under 35 U.S.C. §271 et seq. and 28 U.S.C. §§1331, 1338, and 2201-2202.

**Venue**

28.     On October 13, 2006, Philips filed a Complaint for Patent Infringement in this Court alleging that Pantech infringes U.S. Patent No. 4,901,075 (the "'075 patent"), and that Philips owns all right, title and interest in, and has standing to sue for infringement of, the '075 patent.

29      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

**Count I: Declaratory Relief Regarding Non-Infringement**

30.     The allegations of paragraphs 25-29 above are incorporated herein by reference.

31.     In its Complaint, Philips alleges that Pantech is "infringing, is contributing to the infringement of, and/or is actively inducing others to infringe the '075 patent." Because Pantech denies that it is "infringing, is contributing to the infringement of, and/or is actively inducing others to infringe the '075 patent," either literally or under the doctrine of equivalents, an actual and justiciable controversy has arisen and now exists between Pantech and Philips as to whether Pantech infringes any of the claims of the '075 patent.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Pantech requests a declaration from the Court that (a) Pantech does not infringe any claim of the '075 patent; (b) has not contributed to the infringement of any claim of the '075 patent; and (c) has not induced infringement of any claim of the '075 patent.

### Count II: Declaratory Relief Regarding Invalidity

33.     The allegations of paragraph 25-32 above are incorporated herein by reference.

34.     In its Complaint, Philips alleges that Pantech is "infringing, is contributing to the infringement of, and/or is actively inducing others to infringe the '075 patent." Pantech denies such infringement as the claims of the '075 patent are invalid for failing to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.  An actual and justiciable controversy has accordingly arisen and now exists between Pantech and Philips as to whether any of the claims of the '075 patent are not invalid.

35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pantech requests a declaration from the Court that every claim of the '075 patent is invalid.

### **Count III: Declaratory Relief Regarding Unenforceability Due to Laches**

36. The allegations of paragraph 25-35 above are incorporated herein by reference.

37. The '075 patent issued on February 13, 1990.  Philips delayed filing suit against Pantech until October 13, 2006, an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of the actions alleged to be an infringement of the '075 patent.  Philips also unreasonably and inexcusably delayed serving notice on Pantech of its belief that Pantech was infringing the '075 patent.  Philips' unreasonable and inexcusable delays in bringing suit and providing proper notice have substantially prejudiced Pantech and continue to substantially prejudice Pantech.  Philips is therefore barred from enforcing the patent-in-suit against Pantech by the doctrine of laches.  Because Philips has attempted to enforce the '075 patent against Pantech, an actual and justiciable controversy has arisen and now exists between Pantech and Philips as to the enforceability of the '075 patent.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pantech requests a declaration from the Court that the '075 patent is unenforceable due to laches.

### **Count IV: Declaratory Relief Regarding Unenforceability Due to Equitable Estoppel**

39. The allegations of paragraphs 25-38 above are incorporated herein by reference.

40. Employees of Philips, its parent company, and/or its subsidiaries and related companies in the United Kingdom, Netherlands and/or Germany (the "Philips Companies") actively and concurrently participated in the standards setting organizations relating to picture coding, including the International Standards Organization ("ISO") Working Group 8 ("WG8") and Working Group 10 ("WG10") and the International Telephone and Telegraph Consultative Committee ("CCITT," now known as the "ITU") Study Group VIII ("SGVIII") and Study Group XV ("SGXV").

41. Employees of the Philips Companies had knowledge of the coding algorithms claimed by the '075 patent and the patent application from which it matured, and had knowledge of the coding algorithms disclosed in the three German patent applications from which the '075 patent claimed priority.

42. Employees of the Philips Companies had knowledge of the coding algorithms being evaluated by the ISO WG8/WG10 and by the CCITT SGVIII and CCITT SGXV.

43. Employees of the Philips' German subsidiary Philips Kommunikations Industrie AG ("PKI") disclosed and promoted to the CCITT SGXV the coding algorithms claimed by the three German patent applications from which both the '075 patent claims priority.

44. Employees of the Philips Companies were expressly requested by the ISO WG8/WG10 and/or CCITT SGVIII to disclose any patents and/or patent applications thought relevant to the algorithms being evaluated for the JPEG Standard, prior to the approval of ISO/IEC 10918-1 | ITU-T Rec. T.81.

45. Employees of the Philips Companies failed to disclose to the ISO WG8/WG 10 and/or the CCITT SGVIII the coding algorithms of the '075 patent and the patent application from which it matured, and failed to disclose the coding algorithms of the three German patent applications upon which the '075 patent claims priority, as being relevant to the algorithms adopted in the JPEG Standard.

46. Employees of the Philips Companies failed to disclose to the ISO WG8/WG10 and/or the CCITT SGVIII the '075 patent, the application from which the '075 patent matured, and/or any of the three German patent applications upon which the '075 patent claims priority, as being relevant to the algorithms adopted in the JPEG Standard.

47. Upon information and belief, employees of the Philips Companies participated in the UK standards body that approved and voted on the draft JPEG Standard that was ultimately adopted as ISO/IEC 10918-1, including by acting as the chairman of that standards body.

48. Employees of the Philips Companies voted to approve ISO/IEC 10918-1, knowing that they had failed to disclose to the ISO WG8/WG10 and the CCITT SGVIII the '075 patent and the patent application from which the '075 patent matured, and/or any of the three German patent applications upon which the '075 patent claims priority, as being relevant to the algorithms adopted in the JPEG Standard.

49. Annex L of the ISO/IEC 10918-1│ITU-T Rec. T.81 lists all patents thought by patent holders to be relevant and necessary to practice the algorithms adopted and published in ISO/IEC 10918-1│ITU-T Rec. T.81.  The '075 patent is not listed in Annex L.

50. Had the Philips Companies disclosed to either the ISO WG8/WG10 or to the CCITT SGVIII that the Philips Companies had patents and/or patent applications pending that they thought relevant to the coding algorithms being considered by the ISO/CCITT for the JPEG Standard, alternate coding methods being considered by the ISO/CCITT could have been implemented, and/or a reasonable royalty could have been required by the ISO/CCITT.  Pantech has been materially prejudiced by Philips' actions including its concealment of its alleged patent rights with respect to the JPEG Standard.

51. The Philips Companies' conduct, through its silence, misled the ISO/CCITT, its member organizations, and/or companies that rely on the ISO/CCITT standards and recommendations, into the reasonable belief that the Philips Companies did not have or know of any patents and/or patent applications relevant to the JPEG Standard. These actions have materially prejudiced Pantech.

52. Pantech relied to its detriment on the Philips Companies' conduct in failing to disclose the belief that any of their patents and/or patent applications were relevant to the JPEG Standard.

53. Pantech will be materially prejudiced if Philips is allowed to proceed with its claim.

54. By waiting an unreasonable amount of time to bring suit without disclosure to either the ISO and/or CCITT of either the patent application from which the '075 patent matured, the '075 patent, and/or the German patent applications from which the '075 patent claims priority, relevant evidence to prove the Philips Companies' express and/or implied obligation to disclose to the ISO/CCITT the coding algorithms claimed in the '075 patent may have been lost, to Pantech's substantial prejudice.

55. Because Philips has attempted to enforce the '075 patent against Pantech, an actual and justiciable controversy has arisen and now exists between Pantech and Philips as to the enforceability of the '075 patent.

56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pantech accordingly requests a declaration from the Court that the '075 patent is unenforceable due to equitable estoppel.

### Count V: Declaratory Relief Regarding Licensing and Non-Assertion

57. The allegations of paragraphs 25-56 above are incorporated herein by reference.

58. On information and belief, Philips NV and Qualcomm have an agreement that provides Qualcomm with license rights and non-assertion rights to Philips' patents for manufacturing and selling CDMA chipsets that practice the JPEG Standard. If the '075 patent covers the JPEG Standard, then Qualcomm's CDMA chipsets are subject to license. Pantech uses the Qualcomm CDMA chipsets in the allegedly infringing cell phones. In view of Philips' allegations of infringement and its apparent contentions as to the scope of the '075 patent, Pantech's accused infringing CDMA cell phones are free from infringement of the '075 patent.

59. Because Philips has attempted to enforce the '075 patent against Pantech, an actual and justiciable controversy has arisen and now exists between Pantech and Philips as to whether Philips has exhausted its patent rights under the '075 patent with respect to Pantech's CDMA camera phones and whether the '075 patent can otherwise be enforced against Pantech.

60.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Pantech accordingly requests a declaration from the Court that a CDMA patent license between Qualcomm and Philips NV exhausts or otherwise renders unenforceable Philips' patent rights under the '075 patent with respect to Pantech CDMA camera phones, that the '075 patent is not otherwise enforceable against Pantech, and that Pantech's CDMA camera phones do not infringe the '075 patent.

### Prayer for Relief

Pantech respectfully requests a judgment against Philips as follows:

A.     A declaration that Pantech does not infringe and has not infringed any claim of United States Patent No. 4,901,075 under any theory, either directly, contributorily, or by inducement;

B.     A declaration that all claims of United States Patent No. 4,901,075 are invalid;

C.     A declaration that all claims of United States Patent No. 4,901,075 are unenforceable;

D.     A declaration that Philips take nothing by its Complaint;

E.     Dismissal of Philips' Complaint with prejudice;

F.     Entry of judgment that this case is an exceptional case under 35 U.S.C. § 285, and an award to Pantech of its costs and reasonable attorneys' fees; and

G.     Grant to Pantech whatever further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Pantech hereby demands a trial by jury of any issue triable of right by a jury.

Respectfully submitted,

**FISH & RICHARDSON P.C.**

Dated: January 12, 2007     By: /s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#88854)
919 N. Market Street
Suite 1100
Wilmington, DE  19899-1114
T: (302) 652-5070
F: (302) 652-0607

Alan D. Smith
Peter T. Kirk
225 Franklin Street
Boston, MA 02110-2804
T: (617) 542-5070
F: (617) 542-8906

Duane-David Hough
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
T: (212) 765-5070
F: (212) 258-2291

Choongsoo Park
1425 K Street, NW
Washington, DC  20005
T: (202) 783-5070
F: (202) 783-2331

*Attorneys for Pantech Wireless, Inc.*

30320888.doc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2007, **DEFENDANT PANTECH WIRELESS INC.'S ANSWER, ADDITIONAL DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** was filed with the Clerk of Court using ECF and is available for viewing and download, which will send electronic notification of the filing to the following:

| | |
|---|---|
| Patrick W. Kittredge | *Attorneys for Plaintiff* |
| Kittredge Donnley Elson Fullem & Embick LLP | *U.S. Philips Corporation* |
| 400 Market Street, Suite 200 | |
| Philadelphia, PA 19106-2513 | |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#88854)